Campbell, Chief Justice,
delivered the opinion of the court:
The facts are stipulated. It appears that plaintiff in .January, 1888, filed a declaration under the desert land act, 19 Stat. 377, covering an entire section, 640 acres. He was then required to pay at the rate of fifty cents per acre, as provided by section 8 of the circular approved by the Secre *666 tary of the Interior June 27, 1887. (See 5 L. D. 708, 710.) Upon this payment being made the desert declaration was allowed, being number 1200. In November, 1892, nearly five years after the payment of the $320, the declaration was canceled by the Land Office because of his failure to make proof. Having applied to the Commissioner of the General Land Office for a refund of $160 (one-half of the amount paid by him) and that application having been denied, he sues in this court for $160, under the act of March 26, 1908, 35 Stat. 48. When the application for a refund was first made does not appear. It must have been subsequent to the act of March 26, 1908, here relied on, and was finally disposed of in the Land Office in April, 1924, 50 L. D. 416.
The right to bring suit in this court under the act of 1908 and to have judgment where the facts justify recovery is well established. See United States v. Laughlin, 249 U. S. 440. The sole question, therefore, is upon the effect of the act of February 28, 1885, 23 Stat. 337, forfeiting the grant to the Texas Pacific Railroad Company, made by the act of March 3, 1871, 16 Stat. 573, with especial reference to the proviso in section 1 of the forfeiting act reading: “Provided, That the price of the lands so forfeited and restored shall be the same as heretofore fixed for the even sections within said grant.” This proviso in the act was fully considered by this court in SouthworWs case, decided in 1895, 30 C. Cls. 78, and after an examination of all the applicable statutes the conclusion was reached in an opinion by Judge (afterward Chief Justice) Peelle that the proviso fixed the price of the forfeited lands by reference to other existing statutes and the action of the Secretary of the Interior at $2.50 per acre. Among other things in the stipulated facts it is agreed (Section VI) that long prior to the passage of the forfeiting act of 1885 “ the price of the even-numbered sections within the limits of that grant, as shown by its map of general route, had been fixed in fact at $2.50 per acre by the Secretary of the Interior and exacted in practice by the Land Department.” This fact is also found in the South-worth case, supra (pp. 88-90) and is made the basis for finding the price of the odd-numbered sections to have been *667 $2.50 per acre. A distinction which the plaintiff attempts between that case and this is that the Soutfoworth case involved an odd-numbered section within the Texas Pacific grant entered after forfeiture, while the present case involves an even-numbered section within the same grant, also entered after forfeiture. But it was necessary for the court to determine in the Southworth case that the price of even-numbered sections had been fixed at $2.50 per acre before it could find that the price of the odd-numbered sections was the like price of $2.50 per acre. Speaking of the purpose of the proviso it is said (p. 84) : “ If the act had omitted the proviso, there would be no question but that the land so forfeited would have been subject to disposal under the general laws of the United States — that is, at $1.25 per acre— the same as though the grant had never been made.” In other words, the forfeiting act was complete for its purposes of forfeiture without the proviso and therefore some effect must be given the proviso, as intended to fix a price for the forfeited lands different from the price generally applicable to public lands. This price was to be the same as that “heretofore fixed for the even sections, within said grant.” A reason for the proviso is thus stated in the opinion (p. 92) :
“At the time of the passage of the act of forfeiture Congress knew that the railroad had not been constructed. It was for this very reason that the lands granted thereto were forfeited and restored to the public domain; and it is reasonable to presume that when the act of forfeiture was passed Congress took into consideration the time which had elapsed since the passage of the granting act, the probable sales of the reserve lands at $2.50 per acre, and whether or not the lands thereby granted and withdrawn from the market in 1871 had during the interim increased in value from any cause. Especially would they take into consideration the construction by the Southern Pacific Company of a railroad substantially over the route contemplated by section 1, act 1871, which was before them in House Report No. 1803, Forty-seventh Congress, first session, and of which railroad the court takes judicial notice. So that whatever may have been the legal status of any who may have purchased of the reserve lands prior to the forfeiture, the proviso to the act making the price of the lands thereby forfeited and restored ‘the same as heretofore fixed for *668 the even sections within said grant ’ thereby determined that those who thereafter purchased such forfeited lands should pay $2.50 per acre therefor.”
This conclusion is fortified by the additional fact that by the act of March 2, 1889, section 4, 25 Stat. 854, the price of lands within the limits of any grant to aid in the construction of railroads but which had been forfeited was fixed at $1.25 per acre, it thus appearing that Congress thought there had been forfeited grants where the price fixed was $2.50 per acre. And that we think was true of the instant case. This conclusion was reached by the Commissioner of the General Land Office in an opinion made an exhibit to the agreed facts, and his decision was affirmed by the Assistant Secretary of the Interior in a decision dated April 24, 1924, 50 L. D. 416. We think this ruling is correct and should not be disturbed and that the petition should be dismissed. And it is so ordered.
Moss, Judge; Geaham, Judge; Hay, Judge; and Booth, Judge, concur.